CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
December 30, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSIE HOWARD LANTRY, ) | |
| Plaintiff, ) | Civil Action No. 7:24cv466 |
| ) | |
| v. ) | OPINION and ORDER |
| ) | |
| WESTERN VIRGINIA REGIONAL JAIL, ) | By: Robert S. Ballou |
| Defendant. ) | United States District Judge |

Plaintiff Josie Howard Lantry, a detainee at the Western Virginia Regional Jail, proceeding *pro se*, has filed a civil rights action under 42 U.S.C. § 1983, alleging a long list of grievances against conditions at the jail: Guards jingling keys to annoy inmates; erratic medication schedules; guards unresponsive to requests for necessaries; guards smuggling contraband to inmates; guards smoking, playing video games, and watching shows on their cell phones at night, making it difficult for inmates to sleep; being held in segregation for periods of time without access to showers; having closed-circuit cameras in cells; paying $1.00 per day to the jail to be abused; and being fed meat provided by a worm farm rather than a grocery store. Pursuant to 28 U.S.C. § 1915A, the court must dismiss Lantry's Amended Complaint.

Section 1983 provides a cause of action against a "person" who, acting under color of state law, violates the constitutional rights of another. 42 U.S.C. § 1983; *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). A proper claim requires factual details about a defendant's personal involvement in the violation of a plaintiff's rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). A jail is not a person within the meaning of § 1983 and lacks the capacity to be sued. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893–94 (E.D. Va. 1992).

Notwithstanding Lantry's discussion of corporations being liable for actions of their employees, a doctrine known as *respondeat superior*, the doctrine is not applicable in constitutional actions under § 1983.  *Ashcroft v. Iqbal*, 556 U.S. 602, 676 (2009).  Nor do most of the conditions described by Lantry amount to the cruel and unusual punishment of depriving inmates of the "minimum civilized measure of life's necessities."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  To the extent that jail conditions are "restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."  *Id.*

Because the regional jail is not a "person" subject to suit under § 1983 and because Lantry has failed to allege sufficient specific facts to support his Eighth Amendment claims, the Amended Complaint is **DISMISSED**, and the Clerk is directed to strike the matter from the docket of the court.  The Clerk is further directed to mail a copy of this opinion and order to Mr. Lantry.

Enter:  December 30, 2024

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge